IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,

    v.

**KRISTA JEANNE VELA,**

       Defendant.

_____

No. 6:22-cr-00151-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Krista Vela moves to reduce her sentence under 18 U.S.C. § 3582(C)(1)(A)(i). Def.'s Mot. Reduce Sent. 1, ECF No. 92. Because Ms. Vela's release in the District of Oregon would not affect her sentence from the District of Montana, this Court DENIES the motion.

## BACKGROUND

In October 2021, the government charged Ms. Vela with Possession with Intent to Distribute Methamphetamine in the District of Montana. Ms. Vela ultimately received a sentence of 84 months in the Montana case. In this Oregon case, Ms. Vela pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, and one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine. Pet. Enter Plea, ECF No. 42. This Court ultimately sentenced Ms. Vela to 62 months to run concurrently with her prior sentence in the District of Montana. Am. J. 1–2, ECF No. 52. On May 1, 2025, Ms. Vela filed this Motion for Compassionate Release. Def.'s Mot. Reduce Sent. 10. In her Reply, Ms. Vela notes that she is scheduled to be released to a Portland Residential Reentry Center on July 21, 2025. Reply 3; ECF No. 94.

1 – OPINION AND ORDER

## **LEGAL STANDARD**

As a general rule, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(1)(A). However, a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)—otherwise known as compassionate release—acts as an exception to this rule, where a court may reduce a defendant's term of imprisonment under certain conditions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)).

For a defendant to directly petition the court for compassionate release, they must first exhaust all administrative remedies available through the Bureau of Prisons or wait 30 days from when the warden received the request. 18 U.S.C. § 3582(c)(1)(A). Where this exhaustion requirement is met, a court may grant the defendant's motion for compassionate release if it finds that (1) a reduction would be consistent with applicable U.S. Sentencing Commission policy statements; (2) the factors set forth in 18 U.S.C. § 3553(a) warrant the reduction; and (3) "extraordinary and compelling reasons" justify the sentence reduction. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). The defendant has the burden of establishing each requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). If a defendant fails to satisfy any of the requirements, the court may deny without assessing each. *Keller*, 2 F.4th at 1284.

## **DISCUSSION**

Ms. Vela argues that she has exhausted her administrative remedies by requesting a reduction in sentence on March 15, 2025, and then waiting more than 30 days before filing this motion. Def.'s Mot. Reduce Sent. 6. She also argues that her involuntary removal from RDAP benefits, her exemplary rehabilitation while serving her sentence, and her family circumstances constitute extraordinary and compelling reasons to grant compassionate release. *Id.* at 7.

Ms. Vela provides evidence of her rehabilitation through certificates showing completion of numerous classes, including self-help, parenting, and job skills courses. *Id.* at ex. C. She is also working toward a small business degree and teaches fitness classes. *Id.* at ex. A. Additionally, Ms. Vela submits a declaration from Federal Public Defender Investigator Courtney Withycombe in support of her motion for compassionate release. Reply, ex. H. The declaration summarizes a conversation with Ms. Vela's mother, Karen, who reports that she is aging and experiencing frequent memory loss, and that both she and Ms. Vela's daughter need Ms. Vela's support. *Id.* at ¶¶ 5–13.

This Court commends Ms. Vela's efforts to better herself by taking several classes, working toward her small business degree, and maintaining good health while offering fitness classes to others during her incarceration. This Court finds that although Ms. Vela's mother reported serious family concerns and memory loss, there is no evidence to support those statements. In these circumstances, appropriate supporting documentation would include a doctor's note or medical records, which Ms. Vela did not submit. The Court does not necessarily question the accuracy of Ms. Withycombe's declaration. Instead, the Court simply notes that the declaration merely confirms what the mother told Ms. Withycombe.

More importantly, even assuming that Ms. Vela meets all the requirements under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release, such relief would affect only her sentence in the District of Oregon—not her sentence in the District of Montana. In other words, even if this Court were to grant this motion, Ms. Vela would remain incarcerated under her Montana sentence and would be unable to assist her mother or daughter. For these reasons, this Court finds that granting compassionate release would not meaningfully benefit Ms. Vela or address her family

circumstances. Additionally, the Court notes that it appears that Ms. Vela will be released to a Residential Reentry Center in a matter of days.

## **CONCLUSION**

Ms. Vela's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of June, 2025.

**/s/ Michael McShane**
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER